IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLARA OFFER, *et. al.*
    *Plaintiffs*,

v.

GOLDEN SANDS CLUB
CONDOMINIUM, INC.,
    *Defendant*.

Civil Action No. ELH-16-3695

**MEMORANUM**

On November 11, 2016, Clara Offer and Ronnie Offer, plaintiffs, filed suit against Golden Sands Club Condominium, Inc. ("GSCC"), alleging premises liability, negligence, res ipsa loquitur, and loss of consortium. ECF 1. The claims are rooted in the allegation that Clare Offer acquired Legionnaires' Disease while staying at the premises of defendant. *Id.* Suit is predicated on diversity jurisdiction. *See* 28 U.S.C. § 1332.

Pursuant to Fed. R. Civ. P. 4(m), plaintiffs were required to serve defendant by February 9, 2017.[1] Because proof of service was not docketed by that date, by Order of February 24, 2017 (ECF 4), I directed plaintiffs "to effect service of process upon defendant by March 10, 2017, or, alternatively, to show cause by March 14, 2017, as to why the claims against defendant should not be dismissed…." *Id.* at 1. Three days later, on February 27, 2017, a summons return was executed, evidencing service on GSCC on January 27, 2017. ECF

---

[1] Fed. R. Civ. P. 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed."

5.[2]

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve an answer within twenty-one days after being served with a summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). GSCC did not timely respond to the Complaint. Therefore, by Order of March 8, 2017 (ECF 6), I directed plaintiffs to file a motion for Clerk's entry of default, or show cause why such action was not appropriate. *Id.* Pursuant to my Order (ECF 6), on March 15, 2017, plaintiffs filed a Motion for Clerk's Entry of Default as to GSCC, pursuant to Fed. R. Civ. P. 55(a). ECF 7. On March 29, 2017, the Clerk entered an order of default as to the defendant. ECF 8.

Then, on April 10, 2017, plaintiffs filed a "Motion For Entry of Default Judgment And Referral Of Case to Magistrate Judge for Determination of Damages." ECF 9, "Motion for Default Judgment."

Keith M Bonner, Esquire, of Bonner Kiernan Trebach and Crociata LLP, entered his appearance as counsel for GSCC on April 21, 2017. ECF 10. According to defendant, GSCC's insurance carrier retained counsel on April 14, 2017. ECF 11-1 at 3.

Also on April 21, 2017, GSCC filed a motion to set aside entry of default (ECF 11), supported by a memorandum of law (ECF 11-1) (collectively, "Motion to Vacate"), and a proposed answer to the Complaint (ECF 11-2).[3] GSCC urges the Court to set aside the entry of default for the following reasons: "GSCC acted with reasonable prudence in response to the claims brought by Plaintiffs. Unfair prejudice would result if the Order of Default was not

---

[2] The Docket incorrectly reflects that GSCC was served on January 23, 2017. ECF 5.

[3] From April 18, 2017 through April 20, 2017, GSCC states that it sought to obtain the consent of plaintiffs' counsel to the Motion to Vacate. ECF 11-1 at 3. Plaintiffs' counsel did not consent. *Id.*

vacated in this matter, allowing GSCC to present its meritorious defenses and seek judgment on the merits." ECF 11-1 at 4. GSCC also requests that the Court deny the Motion for default Judgment as moot. *Id.* at 7.

Plaintiffs oppose the Motion to Vacate (ECF 12, "Opposition"), supported by the Declaration (ECF 12-1) of Elliot L. Olsen, Esquire, who is one of the attorneys representing plaintiffs in this matter. *Id.*, ¶ 1. Plaintiffs argue, *inter alia*, that GSCC did not file the Motion to Vacate with reasonable promptness and that defendant has failed to present any evidence that it has meritorious defenses. *Id.* GSCC has not replied, and the time to do so has expired. *See* Local Rule 105.2(a).

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion to Vacate and deny the Motion for Default Judgment.

## I.  Factual and Procedural Background

I shall briefly set forth additional factual and procedural information, derived from Mr. Olsen's Declaration (ECF 12-1).

According to the Declaration, in September 2016, one of plaintiffs' attorneys, Mr. Olsen, was informed that insurers for defendant had retained York Risk Services Group ("YRSG") to investigate and adjust Ms. Offer's claim and the claims of others allegedly injured in the outbreak of Legionnaires Disease at the premises of GSCC in 2015 and 2016. *Id.*, ¶¶ 1-2. Mr. Olsen claims that he had numerous conversations with Joseph Malfara, an adjuster for YRSG. *Id.*, ¶ 2. When no settlement offer was forthcoming, Mr. Olsen retained the services of John Cord, Esquire, a Maryland attorney as local counsel (*id.*, ¶ 3), and plaintiffs proceeded to file suit.

After defendant was served on January 27, 2017 (ECF 5), Mr. Olsen sent an email to Mr. Malfara on February 14, 2017, reminding him that GSCC's answer would be due in a couple of days. *Id.*, ¶ 6; *see also id.* at 7 (February 14, 2017 email). On February 19, 2017, Mr. Olsen again emailed Mr. Malfara, reminding him that defendant's answer was overdue and "asking what his plan of action was." *Id.*, ¶ 8; *see also id.* at 8 (February 19, 2017 email). Mr. Olsen received no response to this email. *Id.*, ¶ 8.

On March 2, 2017, Mr. Olsen again sent Mr. Malfara an email, reminding him that defendant's answer was overdue. *Id.*, ¶ 9; *see also id.* at 9 (March 2, 2017 email). Mr. Olsen advised Mr. Malfara "that if an Answer was not interposed in the next seven days, [he] would seek default judgment against Golden Sands." *Id.*, ¶ 9. Mr. Malfara responded that day, indicating that he was "'getting counsel on this as we speak.'" *Id.* (quoting *id.* at 9 (March 2, 2017 email)).

As noted, by Order of March 8, 2017 (ECF 6), I directed plaintiffs to file a motion for Clerk's entry of default, or show cause why such action was not appropriate. *Id.*

On March 9, 2017, Mr. Olsen sent an email to Mr. Malfara attaching a copy of the Court's Order; Mr. Olsen indicated that he would likely file his motion for default prior to March 25, 2017. ECF 12-1, ¶ 11; *see also id.* at 11 (March 9, 2017 email). Mr. Olsen also asked Mr. Malfara when he could expect his retained counsel to file an answer. *Id.*, ¶ 11; *see also id.* at 11. Mr. Olsen did not receive a response to this email. *Id.*, ¶ 11.

Plaintiffs moved for clerk's entry of default as to GSCC on March 15, 2017. ECF 7. On March 19, 2017, Mr. Olsen emailed a copy of the default motion submissions to Mr. Malfara. ECF 12-1, ¶ 12; *see also id.* at 12 (March 19, 2017 email). Mr. Malfara responded by email the following day, and related that he had made a "request for defense counsel and expected to have

heard back by now." *Id.* at 12 (March 20, 2017 email). Mr. Malfara indicated that he would "follow[] up again today." *Id.*

As noted, on March 29, 2017, the Clerk entered an order of default as to the defendant. ECF 8. Then, on April 10, 2017, plaintiffs filed the Motion for Default Judgment. ECF 9. And, on April 21, 2017, GSCC filed a motion to set aside entry of default. ECF 11.

## II. Discussion

Rule 55(c) of the Federal Rules of Civil Procedure states, in part: "The Court may set aside an entry of default for good cause . . . ." In *Payne ex rel. Estate of Calzada v. Break*, 439 F.3d 198, 203 (4th Cir. 2006), the Fourth Circuit instructed:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*See also Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

To be sure, a "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Nevertheless, the Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, "default should be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417; *see also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989).

As noted, GSCC claims that it has meritorious defenses to all of plaintiffs' claims. As to the premises liability claim, GSCC explains, *inter alia*, ECF 11-1 at 6: "GSCC maintains that no dangerous condition existed to support Plaintiffs' claims. However, *in arguendo,* if such condition did exist, GSCC will prove that it acted reasonably under the circumstances and thus is not liable to Plaintiffs for any claimed injuries."

GSCC contends that the remainder of plaintiffs' claims "sound in negligence." ECF 11-1 at 6. Defendant argues, *id.*: "GSCC (1) did not owe Plaintiffs a duty; (2) did not breach an [sic] duty to Plaintiffs; (3) Plaintiffs were not injured as a result of any alleged breach; and (4) Plaintiffs did not suffer any compensable damages as a result of the alleged injury(ies)."

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997); *see United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "'The underlying concern is...whether there is some possibility that the outcome...after a full trial will be contrary to the result achieved by the default.'" *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (alterations in original) (quoting 10 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. & PROC. CIV. § 2697, at 531 (2d ed. 1983)).

In addition, GSCC argues that entry of default should be set aside because, once aware of its default, it responded reasonably promptly. ECF 11-1 at 5. GSCC claims, *id.* at 5 (bracket alterations added):

> There is no unreasonable delay at issue in this case. Plaintiffs appear to have served GSCC at its physical location, not by way of its registered agent, on January 27, 2017. (Docket No. 5.) Proof of Service of the summons was filed one month later, on February 27, 2017, after the Court issued its Order re Service. Between January 27, 2017 and February 27, 2017 correspondence was ongoing between GSCC's insurance carrier and Plaintiffs [sic] Minnesota [counsel];

> [plaintiffs'] Local Counsel and upon information and belief, Plaintiffs' "Prior Counsel"….
>
> Upon information and belief, the resulting delay in GSCC's response to Plaintiffs' Complaint is due to correspondence in this case during the relevant time period that was complicated by the existence of three separate representatives for Plaintiffs, improper service[], and correspondence that excluded GSCC and/or Plaintiffs' Local Counsel.
>
> GSCC's carrier sought to retain counsel, informed Plaintiffs' Minnesota Counsel of this, and proceeded to retain counsel within a reasonable time. The Order of Default was entered in this case on March 29, 2017 (just over three weeks ago). Judgment of Default has not yet been entered. Undersigned counsel was retained less one week ago and thereafter expeditiously sought communication with Plaintiffs' Counsel.

"'[A] party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default....'" *Wainwright's Vacations, LLC*, 130 F. Supp. 2d at 718 (internal citations omitted). Because Rule 55(c) does not provide a specific time frame for filing a motion to vacate, this matter must be viewed "in light of the facts and circumstances of each occasion." *Moradi*, 673 F.2d at 727.

As indicated, plaintiffs argue, *inter alia*, that GSCC failed to bring this motion with reasonable promptness and that it has failed to present any evidence that it has a meritorious defense. *See generally* ECF 12. According to plaintiffs, "[t]he facts and circumstances of this case demonstrate a clear pattern of dilatory conduct. Defendant offers *no explanation whatsoever* as to why it failed to act upon being served ….The reason for this is that it simply has no excuse." ECF 12 at 5-6 (emphasis in original).

Plaintiffs observe that "they made every effort to encourage Defendant to answer so that the case could proceed (only requesting default judgment when ordered to do so by the Court)." ECF 12 at 6. Moreover, plaintiffs assert, *id.*:

> Plaintiffs endeavored to give Defendant every opportunity to litigate this case on its merits, including (1) warning Defendant of the impending deadline for

answering; (2) twice requesting an answer after the deadline for answering had passed; and (3) twice warning Defendant before seeking entry of default, after having been directed to do so by the Court. And even after default was entered on March 29, 2017, Defendant continued to ignore this matter. It now appears that Defendant did not even retain counsel until after Plaintiffs filed for a default judgment on April 10, 2017, with a response to the motion filed 11 days later.

In addition, plaintiffs dispute that GSCC has proffered evidence of a meritorious defense. They assert, *id.* at 7: "Defendant's motion is not supported by an affidavit or any evidence whatsoever. It is based on nothing more than unsupported assertions of its attorneys, and does not demonstrate or allege any substantive facts that could defeat liability. Instead, Defendant baldly claims that it has wholesale defenses on duty, breach causation and damages."

Plaintiffs also assert they have been prejudiced by the "delay in this action, along with the need for extensive motions practice…" ECF 12 at 5.

As to whether GSCC has proffered a meritorious defense, I agree with plaintiffs that defendant's defenses are skeletal and, at best, conclusory. But, along with its Motion to Vacate, defendant has submitted a more detailed proposed answer, twelve pages in length, in which it sets forth twenty-nine defenses. ECF 11-2. And, it may be the case that defense counsel sought to avoid further delay in filing the Motion to Vacate, and did not have adequate time to investigate fully plaintiffs' claims.

It is clear that on several occasions Mr. Olsen warned Mr. Malfara of YRSG, defendant's insurance carrier, that defendant's answer was due and then overdue. Inexplicably, it does not seem that Mr. Malfara was concerned with the deadline for a response. But, there is no indication anywhere in Mr. Olsen's Declaration or the attached emails that Mr. Malfara ever communicated with defendant regarding Mr. Olsen's warnings concerning defendant's overdue response to the Complaint. Even if YSRG was the agent of defendant, it seems inequitable to put defendant in default, with all of its ramifications, based on these facts.

To the extent that GSCC claims that part of the reason for the delay in responding to the suit was due to improper service, in that it was served at its physical location rather than by way of its resident agent, the assertion is frivolous. Defendant does not deny receipt of notice of suit. And, "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod–Stauffer Bldg. Systems,* 733 F.2d 1087, 1089 (4th Cir. 1984).

But, in my view, GSCC acted with reasonable promptness in filing the Motion to Vacate. It was filed the same day counsel entered his appearance in the case, approximately three weeks after the order of default was entered, eleven days after plaintiff filed the Motion for Default Judgment, and four months after service upon defendant.

Of import here, there is no indication of any prejudice to plaintiffs by such a comparatively brief delay at the outset of this litigation. Although plaintiffs claim that they will suffer prejudice if the Motion to Vacate is granted, because of the "extensive motions practice" that has taken place, plaintiffs' eight-page Opposition to the Motion to Vacate hardly qualifies as extensive.

### III. Conclusion

In the exercise of my discretion, and given the absence of any evidence of prejudice to plaintiffs or deliberate dilatory conduct by GSCC, coupled with the Fourth Circuit's strong policy in favor of deciding cases on the merits, I shall grant the Motion to Vacate (ECF 11) and deny the Motion for Default Judgment (ECF 9). GSCC shall respond to the Complaint within seventeen days of the date of entry of this Order.

An Order follows.

Date: May 26, 2017         /s/
                           Ellen Lipton Hollander
                           United States District Judge